IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | : Chapter 11 |
|---|---|
| Westland DevCo, LP,[1] | : CASE NO. 10-11166 (CSS) |
| Debtor. | : **Hearing Date: May 17, 2010 at 2:00 p.m. (ET)**<br>: **Objection Deadline: April 26, 2010 at 4:00 p.m. (ET)** |

## DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. AS COUNSEL TO THE DEBTOR PURSUANT TO 11 U.S.C. § 327(a) <u>*NUNC PRO TUNC* TO THE PETITION DATE</u>

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby submits this Application (the "Application") for entry of an order authorizing the employment and retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as bankruptcy counsel for the Debtor pursuant to Sections 327(a) and 1107(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1, 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), *nunc pro tunc* to April 5, 2010 (the "Petition Date"). In support of this Application, the Debtor has relied on the affidavit of Michael D. Sirota ("Sirota Affidavit"), a copy of which is attached hereto as Exhibit A. In further support of the relief sought in the Application, the Debtor respectfully represents as follows:

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of its federal tax identification number is: Westland DevCo, LP (6647).

## Status of the Case and Jurisdiction

1. On the Petition Date, the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtor, including its business operations, its capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in the Declaration of Bruce Cook in Support of the Debtor's Chapter 11 Petition (the "Cook Declaration"), filed on the Petition Date and fully incorporated herein by reference.[2]

2. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No official committee has been appointed in this Chapter 11 case.

4. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory bases for relief sought herein are Sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1, 2016-1 and 2016-2.

## Relief Requested

6. By this Application, the Debtor requests entry of an order substantially in the form attached as Exhibit B approving the employment and retention of Cole Schotz *nunc pro tunc* to the Petition Date as bankruptcy counsel to the Debtor in connection with this bankruptcy

---

[2] All capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Cook Declaration.

case in accordance with Cole Schotz's normal hourly rates in effect when services are rendered and normal reimbursement policies.

**A.     Cole Schotz's Qualifications**

7.      The Debtor seeks to retain Cole Schotz as its bankruptcy counsel because of its extensive experience representing debtors in complex business reorganizations under Chapter 11 of the Bankruptcy Code. In addition, Cole Schotz has been providing restructuring advice to the Debtor for over two years and, thus, is familiar with the Debtor's business, assets and liabilities. Accordingly, the Debtor believes that Cole Schotz is well qualified and uniquely able to represent it in this Chapter 11 case in an efficient and timely manner.

**B.     Services to be Provided**

8.      The Debtor contemplates that the legal services to be rendered by Cole Schotz will include, but shall not be limited to, the following:

    a. advising the Debtor of its rights, powers and duties as a debtor-in-possession;

    b. advising the Debtor regarding matters of bankruptcy law;

    c. representing the Debtor in proceedings and hearings in the United States Bankruptcy Court for the District of Delaware;

    d. preparing on behalf of the Debtor any necessary motions, applications, orders, responses, and other legal papers;

    e. preparing and pursuing confirmation of a Chapter 11 plan and approval of a disclosure statement and providing advice and representation concerning same;

    f. advising the Debtor concerning, and assisting in the negotiation and documentation of, debt restructurings and related transactions;

    g. providing assistance, advice, and representation concerning any sale of the Debtor's assets;

    h. reviewing the nature and validity of liens asserted against the property of the Debtor and advising the Debtor concerning the enforceability of such liens;

i. providing assistance, advice and representation concerning any further investigation of the assets, liabilities, and financial condition of the Debtor that may be required under local, state, or federal law;

j. prosecuting and defending litigation matters and such other matters that might arise during this Chapter 11 case;

k. providing counseling and representation with respect to assumption or rejection of executory contracts and leases, and other bankruptcy-related matters arising during this case;

l. review and object to claims; and

m. performing such other legal services as may be necessary and appropriate for the efficient and economical administration of this Chapter 11 case.

C. **Payment of Fees and Expenses**

9. The current rates of Cole Schotz members, associates and paralegals are as follows:

| | |
|---|---|
| Members | $355.00 to $725.00 per hour |
| Special Counsel | $335.00 to $415.00 per hour |
| Associates | $195.00 to $415.00 per hour |
| Paralegals | $140.00 to $230.00 per hour |

The hourly rates set forth above are Cole Schotz's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly Cole Schotz for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Cole Schotz has informed the Debtor that its hourly rates are subject to periodic adjustment from time to time in accordance with Cole Schotz's established billing practices and procedures.[3]

10. In addition to the hourly rates set forth above, it is Cole Schotz's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, but are not limited to, filing fees, messenger

---

[3] The hourly rates were last adjusted on September 1, 2009.

services, telephone calls, photocopying, Lexis and Westlaw research, travel, postage, facsimile transmissions, scanning, coding, over-time clerical assistance, subpoenas, search fees, and any other necessary expenses in legal matters. Cole Schotz will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to Cole Schotz's other clients and the Local Rules.

11. The Debtor submits that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to Cole Schotz in accordance with the rules and orders of the Court.

12. Cole Schotz was retained by the Debtor in connection with the preparation and filing of this Chapter 11 case. Prior to the Petition Date, Cole Schotz received a retainer of $750,000.00 (the "Retainer"), for the planning, preparation of documents and its proposed postpetition representation of the Debtor, and for the petition filing fees. Of the Retainer amount, $36,233.77 was applied on April 5, 2010 to pay outstanding prepetition fees and expenses incidental to the preparation and filing of this case. The remaining $713,766.23 (the "Postpetition Retainer") is to be applied against Cole Schotz's allowed fees and expenses, consistent with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of the Court.

12. A statement of the compensation paid for services rendered by Cole Schotz in the 90-day period preceding the Petition Date, and the source of such compensation, is set forth in the Sirota Affidavit.

D.  **Cole Schotz's Disclosures Regarding Retention by the Debtor**

13. The standard for a debtor-in-possession to employ attorneys as general bankruptcy counsel is set forth in Sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Third Circuit. Those sections provide that a debtor-in-possession, with the Court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a); 11 U.S.C. § 1107; see also In re BH&P, Inc., 949 F.2d 1300, 1314 (3d Cir. 1991) (citing In re Star Broadcasting, Inc., 81 B.R. 835, 838 (Bankr. D.N.J. 1988) (for counsel to be retained, "counsel must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person.'"). A "disinterested person" is defined as one (a) who is not a creditor, equity security holder or insider of the debtor; (b) who is not and was not a director, officer, or employee of the debtor within two years before the petition date; and (c) who does not hold an interest materially adverse to the interest of the estate of any class of creditors or equity security holders, by reason of any, direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. See 11 U.S.C. § 101(14). In general, however, subject to the requirements of Sections 327(a) and 1107, a debtor-in-possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

14. As described in detail in the attached Sirota Affidavit, Cole Schotz has conducted an extensive search of its conflict database with respect to the Debtor and a voluminous list of parties-in-interest and potential parties-in-interest in this Chapter 11 case. See Sirota Affidavit at ¶¶ 6-10. The scope of that conflicts search is set out on Exhibit 1 to the Sirota Affidavit and the results of the conflicts search are set forth on Exhibit 2 to the Sirota Affidavit. Based on the

results of that conflicts search, Cole Schotz has informed the Debtor that, as set forth in more detail in the Sirota Affidavit and subject to any explanations and/or exceptions contained therein, Cole Schotz: (a) is not a creditor, equity security holder or insider of the Debtor; (b) is not and was not, within two (2) years prior to the Petition Date, a director, officer or employee of the Debtor; (c) does not hold or represent any interest materially adverse to the interests of the Debtor's estate; and (d) is not related to any judge of this Court, the U.S. Trustee or the Assistant U.S. Trustee for this District.

15. Moreover, Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

16. Accordingly, the Debtor submits that Cole Schotz and its professionals are "disinterested persons" within the meaning of Section 101(14) of the Bankruptcy Code and its employment is permissible under Sections 327(a) and 1107(b) of the Bankruptcy Code and is in the best interests of all parties-in-interest.

17. Cole Schotz has informed the Debtor that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Cole Schotz will supplement its disclosure to the Court.

18. Cole Schotz has informed the Debtor that it has not shared or agreed to share any compensation received in connection with this Chapter 11 case with any entity other than its members, counsel or associates in accordance with Section 504(b) of the Bankruptcy Code.

## Notice

19. Notice of this Application has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) those entities or individuals included on the Debtor's' twenty largest unsecured creditors list; (vi) counsel to the agent for the Debtor's prepetition lenders, and (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, based on the facts and disclosures above, the Debtor respectfully requests that the Court enter an Order, substantially in the form submitted herewith, (i) granting the Application and authorizing the Debtor to employ Cole Schotz as its bankruptcy counsel pursuant to Section 327(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in this Application; and (ii) granting such other and further relief as may be just and proper.

Dated: April 6, 2010

Respectfully submitted,

WESTLAND DEVCO, LP,

By: ___/s/ Bruce V. Cook___
    Bruce V. Cook
    Executive Vice President, Secretary and
    General Counsel of Westland Holdco, Inc.,
    Managing General Partner of Westland
    Devco, LP