IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Westland DevCo, LP,[1] | Case No. 10-11166 (CSS) |
| Debtor. | **Hearing Date: May 17, 2010 at 2:00 p.m. (ET)** <br> **Objection Deadline: April 26, 2010 at 4:00 p.m. (ET)** |

## DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF NAVIGANT CAPITAL ADVISORS, LLC AS FINANCIAL ADVISORS TO THE DEBTOR PURSUANT TO 11 U.S.C. § 327(a) *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby submits this Application (the "Application") for entry of an order authorizing the employment and retention of Navigant Capital Advisors, LLC ("Navigant") as financial advisors to the Debtor pursuant to Sections 327(a) and 1107(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1, 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), *nunc pro tunc* to April 5, 2010 (the "Petition Date"). In support of this Application, the Debtor has relied on the affidavit of Edward Casas ("Casas Affidavit"), a copy of which is attached as Exhibit A. In further support of the relief sought in the Application, the Debtor respectfully represents as follows:

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of its federal tax identification number is: Westland DevCo, LP (6647).

## Status of the Case and Jurisdiction

1. On the Petition Date, the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtor, including its business operations, its capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in the Declaration of Bruce Cook in Support of the Debtor's Chapter 11 Petition (the "Cook Declaration"), filed on the Petition Date and fully incorporated herein by reference.[2]

2. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No official committee has been appointed in this Chapter 11 case.

4. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory bases for relief sought herein are Sections 327(a), 328(a) and 1107(b) the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1, 2016-1 and 2016-2.

## Relief Requested

6. By this Application, the Debtor requests entry of an order substantially in the form attached as Exhibit B: (a) approving the employment and retention of Navigant as financial advisors *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in that certain engagement letter dated as of February 23, 2010 (the "Engagement Letter," a copy of which is attached as Exhibit 3 to the Casas Affidavit), as well as that certain letter regarding

---

[2] All capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Cook Declaration.

indemnification and related matters dated as of February 23, 2010 (the "Indemnification Letter," a copy of which is attached as Exhibit 4 to the Casas Affidavit, and together with the Engagement Letter, the "Navigant Agreement"); (b) approving the terms of Navigant's employment, including the proposed fee arrangement subject to the fee and expense review standards set forth in Section 328 of the Bankruptcy Code, effective *nunc pro tunc* to the Petition Date, provided that the Office of the United States Trustee alone shall be entitled to review applications for payment of compensation and reimbursement of expenses by Navigant under Section 330 of the Bankruptcy Code; and (c) granting such other and further relief as the Court deems appropriate.

**Navigant's Qualifications**

7. Navigant is the dedicated corporate finance business unit of Navigant Consulting, Inc. serving the middle market investment banking, restructuring, valuation, and transaction advisory needs of companies, private equity groups, lenders, and other creditor constituencies with its principal office located at 5215 Old Orchard Road, Suite 850, Skokie, Illinois 60077.

8. Navigant has over 100 dedicated and experienced finance professionals nationwide, advising on mergers, acquisitions, and divestitures, arranging private placements of debt and equity, and providing a full range of corporate finance services in various industries. Navigant and its professionals have extensive experience in the reorganization and restructuring of distressed companies, both out-of-court and in Chapter 11 proceedings.

9. Navigant provides (or has provided) advisory services to a number of large clients, including, but not limited to: (i) Taylor, Bean & Whitaker Mortgage Corporation (U.S. Bankruptcy Court, Middle District of Florida, Case No. 09-7047), (ii) Bayou Funds (U.S. Bankruptcy Court, Southern District of New York, Case No. 06-22306), and (iii) Sentinel

Management Group, Inc. (U.S. Bankruptcy Court, Northern District of Illinois Eastern Division, Case No. 07-14987). In addition, Navigant has been actively involved in major Chapter 11 cases and has been retained and employed by debtors in several cases in this District as a financial advisor, including: (i) Physician Health Corporation (U.S. Bankruptcy Court, District of Delaware, Case No. 00-4482); (ii) OMNA Medical Partners, Inc. (U.S. Bankruptcy Court, District of Delaware, Case No. 00-1493); and (iii) BMJ Medical Management Inc. (U.S. Bankruptcy Court, District of Delaware, Case No. 98-2799).

10. In April 2008, the Debtor engaged Navigant to provide general financial advice in connection with the Debtor's out-of-court attempts to restructure its prepetition indebtedness and, if necessary, to prepare for the Debtor's commencement of this case. In providing prepetition services to the Debtor, Navigant's professionals have worked closely with the Debtor and its professionals and have become well-acquainted with the Debtor's financial history, assets, debt structure, creditors, business and operations, and related matters. Furthermore, Navigant worked closely with the Debtor and its other advisors and played a crucial role in the preparation of this case

11. Accordingly, Navigant has developed significant relevant experience and expertise regarding the Debtor and troubled company situations that will assist it in providing effective and efficient services in this case. Should the Court approve the Debtor's retention of Navigant as its financial advisor, Navigant will continue, without interruption, to perform the services for the Debtor as described herein.

## Services to be Rendered

12. Pursuant to the terms of the Engagement Letter, in consideration for the compensation contemplated therein, Navigant's anticipated services include, but are not limited to, the following:[3]

   (a) Independent assessment of the opportunities and risks related to the Debtor, review of the value enhancements and improvements to the Debtor's real estate holdings and the associated valuation effects thereof;

   (b) Review of the Debtor's current debt structure and development of potential restructuring alternatives related thereto;

   (c) Communication and/or negotiation with outside constituents, including creditors and their advisors in collaboration with management;

   (d) Assistance with respect to development of restructuring plans related to the Debtor's current credit facilities; and

   (e) Such other financial advisory services as may be agreed upon by Navigant and the Debtor, and that are within the scope of the engagement.

13. The Debtor does not intend that the services described above, to be rendered by Navigant, will be duplicative of the services performed by any other professional, and the Debtor will work together with all of its professionals and advisors to minimize any duplication of effort as much as possible. The Debtor firmly believes that Navigant will provide these necessary services in a cost-effective, efficient and timely manner.

## Navigant's Disinterestedness

14. To the best of the Debtor's knowledge, information, and belief, and except and to the extent disclosed herein or in the Casas Affidavit, Navigant and its professionals: (a) are not creditors, equity security holders or insiders of the Debtor; (b) are not and were not, within two

---

[3] This summary is qualified in its entirety by reference to the provisions of the Navigant Agreement. To the extent there is any discrepancy between the terms contained in this Application and those set forth in the Navigant Agreement, the terms of the Navigant Agreement shall control. Unless otherwise defined herein, all capitalized terms used in this summary shall have the same meanings ascribed to them in the Navigant Agreement.

5

45895/0001-6196422v3

(2) years prior to the Petition Date, directors, officers or employees of the Debtor; (c) do not hold or represent any interest materially adverse to the interests of the Debtor's estate; and (d) are not related to any judge of this Court, the U.S. Trustee or the Assistant U.S. Trustee for this District.

15. Accordingly, the Debtor submits that Navigant and its professionals are "disinterested persons" within the meaning of Section 101(14) of the Bankruptcy Code and its employment is permissible under Sections 327(a) and 328(a) of the Bankruptcy Code and is in the best interests of all parties-in-interest.

16. The Debtor's knowledge, information and belief regarding the matters set forth herein are based upon, and made in reliance on, the Casas Affidavit. The Debtor understands that Navigant will continue to monitor for any matters that might affect its disinterested status and will file a supplemental verified statement in the event that additional disclosure becomes necessary.

## Professional Compensation

17. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court, the Debtor and Navigant have agreed that Navigant shall be paid the following fees and expenses in respect of its services.[4]

18. Prior to the Petition Date, the Debtor paid Navigant a retainer (the "Retainer") in the amount of $750,825.00 for the initial review of the Debtor's current debt structure, the development of comprehensive restructuring plans related to the Debtor's case and provision of other services to be rendered pursuant to the Navigant Agreement.

---

[4] This summary is qualified in its entirety by reference to the provisions of the Navigant Agreement. To the extent there is any discrepancy between the terms contained in this Application and those set forth in the Navigant Agreement, the terms of the Navigant Agreement shall control. Unless otherwise defined herein, all capitalized terms used in this summary shall have the same meanings ascribed to them in the Navigant Agreement.

19.     The compensation to be paid for Navigant's services in this Chapter 11 Case shall be based upon the following hourly rates:

| | |
|---|---|
| Senior Managing Directors and Senior Advisors | $725-875/hr |
| Managing Directors | $625-725/hr |
| Directors | $525-625/hr |
| Associate Directors | $425-525/hr |
| Managing Consultants | $350-425/hr |
| Consultants/Associates | $245-350/hr |
| Paraprofessionals | $95-125/hr |

20.     Navigant will charge against such Retainer its fees (the "Fees") and all reasonably incurred, reasonably-documented expenses (the "Expenses") in accordance with the above-described hourly rates on a monthly basis and consistent with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of the Court. Generally, the Expenses include any reasonable out-of-pocket travel-related expenses, document production, fax transmissions, teleconferencing charges, and other expenses of this type which are associated with this engagement.

21.     Notwithstanding anything to the contrary in the Navigant Agreement, including the provision that requires the Debtor to remit additional amounts as may be necessary to maintain a minimum balance of $50,000 in Navigant's Retainer, Navigant will file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of the Court.

22.     In addition to the hourly Fees and Expenses, the Debtor has agreed to pay Navigant a fee equal to $750,000.00 payable upon confirmation of a plan of reorganization

45895/0001-6196422v3

(including a liquidating plan) under Chapter 11 of the Bankruptcy Code (the "<u>Deferred Restructuring Fee</u>").

## Termination of Engagement

23. Either the Debtor or Navigant may terminate the Navigant Agreement upon ten (10) days written notice without cause or further liability, provided however that (i) all Cost reimbursement due through the effective date of termination will be paid (unless the Company disputes in good faith such Costs, which dispute must be evidenced in writing and be delivered to Navigant within five days of receipt of the applicable invoice) within five (5) business days of the effective date of termination and the remaining Retainer will be deemed earned, (ii) no termination of the engagement letter will affect Navigant's right to payment of Fees or Expenses contemplated by the Navigant Agreement, and (iii) no termination hereunder will affect Navigant's right to receive the Deferred Restructuring Fee that would be payable to Navigant under the Navigant Agreement in connection with any event that would otherwise result in the payment thereof that occurs within 12 months following such termination.

## Indemnification Provisions

24. The Debtor has agreed, pursuant to the Indemnification Letter, a copy of which is attached as <u>Exhibit 4</u> to the Casas Affidavit, to indemnify and hold harmless Navigant and its affiliates and their respective members, officers, directors, employees and agents and each other person, if any, controlling Navigant or any of its affiliates (each referred to herein as an "<u>Indemnified Person</u>") to the fullest extent permitted by law from and against any losses (excluding losses of profit or revenue), claims, damages (excluding consequential damages or lost opportunity), obligations, penalties, judgments, awards, reasonably documented costs, disbursements or liabilities, including amounts paid in settlement (collectively, "<u>Indemnification

8

Losses"), based upon, related to, arising out of or in connection with the Navigant Agreement or any recapitalization, restructuring, reorganization, or other similar transaction involving the Debtor (a "Restructuring"), and will reimburse each Indemnified Person for all reasonable out-of-pocket expenses (including reasonable fees and expenses of counsel) (the "Indemnification Expenses") as they are incurred in connection with investigating, preparing, pursuing or defending any action, claim, suit, investigation, or proceeding related to, arising out of or in connection with the Navigant Agreement or any Restructuring, whether or not pending or threatened and whether or not any Indemnified Person is a party.

25. Furthermore, the Debtor has agreed to pay Navigant its standard hourly rates for any Navigant professional time incurred in connection with any action, claim, suit, investigation or proceeding described in the foregoing sentence; provided, however, in no event shall the Debtor be responsible for any Indemnification Losses or Indemnification Expenses that arise out of or in connection with the Navigant Agreement or any Restructuring, and which are finally judicially determined to have resulted primarily and directly from the willful misconduct or gross negligence of Navigant.

26. The Debtor understands that the indemnification and reimbursement provisions reflected in the Indemnification Letter are customary and reasonable terms of consideration for financial advisors such as Navigant for proceedings both out of court and in Chapter 11. The terms of the Indemnification Letter were fully negotiated between the Debtor and Navigant at arm's-length and the Debtor respectfully submits that the Indemnification Letter is reasonable and in the best interests of the Debtor, its estate, and creditors.

## Basis for Relief

27. The Debtor seeks approval of Navigant's fees and expenses pursuant to Section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtor "with the court's approval, may employ or authorize the employment of a professional person under § 327 . . . on any reasonable terms and conditions of employment, including on a retainer . . . ." 11 U.S.C. § 328(a). Consequently, Section 328(a) of the Bankruptcy Code permits the Court to approve the terms of Navigant's engagement as set forth in the Navigant Agreement, including the reimbursable fees described therein.

28. Section 328(a) of the Bankruptcy Code permits the compensation of professionals, including financial advisors, on more flexible terms that reflect the nature of their services and market conditions. As stated in In re National Gypsum Co., 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978, the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. The uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants reasonable compensation based on relevant factors of time and comparable costs, etc. Under present § 328 the professionals may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

Id. at 862 (citations omitted).

29. The Debtor believes that the terms and conditions of Navigant's employment are reasonable and comparable to compensation generally charged by financial advisors of similar stature for comparable engagements, both in and out-of-court. Given the numerous issues that Navigant may be required to address in this case, Navigant's commitment to the variable levels of time and effort necessary to address all such issues as they arise, and the market price for

10

Navigant's services in engagements of this nature both out-of-court and in Chapter 11 contexts, the Debtor agrees that the fee arrangements in the Engagement Letter are reasonable.

30. The Debtor understands that the terms of Navigant's employment and compensation, as described in the Navigant Agreement, are consistent with employment and compensation arrangements typically entered into by Navigant when providing financial advisory services. Navigant's employment and compensation arrangements are competitive with those entered into by other financial advisory firms when rendering comparable services. Navigant and the Debtor believes that the foregoing compensation requirements are both reasonable and market-based.

31. Indeed, similar fixed and contingency fee arrangements in other large Chapter 11 cases have been routinely approved and implemented by Courts in this Circuit and elsewhere. See, e.g., In re FLYi, Inc., Case No. 05-20011 (MFW) (Bankr. D. Del. Jan. 17, 2006) (order authorizing retention of Miller Buckfire & Co., LLC on a monthly advisory fee and contingency fee basis); In re Foamex Int'l, Inc., Case No. 05-12685 (PJW) (Bankr. D. Del. Oct. 17, 2005) (order authorizing retention of Miller Buckfire & Co., LLC on a monthly advisory fee and contingency fee basis); In re Meridian Auto. Sys. – Composites Operations, Inc., Case No. 05-11168 (MFW) (Bankr. D. Del. July 19, 2005) (authorizing retention of Lazard Middle Market LLC under 11 U.S.C. §§ 327(a) and 328(a) on a monthly advisory fee and restructuring fee basis); In re Oakwood Homes Corp., Case No. 02-13396 (PJW) (Bankr. D. Del. July 21, 2003) (order authorizing retention of Miller Buckfire & Co., LLC on similar terms); In re Kaiser Aluminum Corp., No. 02-10429 (JKF) (Bankr. D. Del. Mar. 19, 2002) (authorizing retention of Lazard and subjecting compensation to same standard of review); In re Trans World Airlines, Inc., Case No. 01-0056 (PJW) (Bankr. D. Del. Jan. 26, 2001) (authorizing retention of

Rothschild Inc., as financial advisors for debtors, under 11 U.S.C. §§ 327(a) and 328(a)); In re Covad Comm. Group, Inc., No. 01-10167 (JJF) (Bankr. D. Del. Nov. 21, 2001) (authorizing retention of Lazard with compensation subject to standard of review set forth in 11 U.S.C. § 328(a)); In re Harnischfeger Indus., No. 99-02171 (PJW) (Bankr. D. Del. Feb. 8, 2000) (authorizing retention of The Blackstone Group L.P. as investment bankers to debtors); In re Wellman, Inc., Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Apr. 1, 2008) (authorizing retention of Lazard under 11 U.S.C. §§ 327(a) and 328(a)); In re TOUSA, Inc., Case No. 08-10928 (JKO) (Bankr. S.D. Fla. Mar. 26, 2008 and Apr. 14, 2008) (same); In re Tower Auto., Inc., Case No. 05-10578 (ALG) (Bankr. S.D.N.Y. June 15, 2005) (same); In re Casual Male Corp., No. 01-41404 (REG) (Bankr. S.D.N.Y. March 18, 2001) (authorizing retention of Robertson Stephens, Inc., subject to 11 U.S.C. § 328(a) standard of review).

32. Likewise, similar indemnification arrangements have been approved and implemented in other large Chapter 11 cases by Courts in this District and elsewhere. See, e.g., In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC) (Bankr. D. Del. Apr. 26, 2007); In re FLYi, Inc., Case No. 05-20011 (MFW) (Bankr. D. Del. Jan. 17, 2006); In re Foamex Int'l, Inc., Case No. 05-12685 (PJW) (Bankr. D. Del. Oct. 17, 2005); In re Oakwood Homes Corp., Case No. 02-13396 (PJW) (Bankr. D. Del. July 21, 2003); In re United Artists Theatre Co., Case No. 00-3514 (SLR) (Bankr. D. Del. Dec. 1, 2000); In re Wellman, Inc., Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Apr. 1, 2008); In re Movie Gallery, Inc., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); In re Worldcom, Inc., 02-13533 (AJG) (Bankr. S.D.N.Y. January 14, 2003); In re Adelphia Comm'n Corp., 02-41729 (REG) (Bankr. S.D.N.Y. September 27, 2002).

33. In light of the foregoing, and given the numerous issues that Navigant may be required to address in the performance of its services hereunder, Navigant's commitment to the variable level of time and effort necessary to address all such issues as they arise and the market price for Navigant's services for engagements of this nature, the Debtor believes that the terms and conditions of the Navigant Agreement are fair, reasonable and market-based under the standards set forth in Section 328(a) of the Bankruptcy Code.

34. Lastly, to the best of the Debtor's knowledge, information, and belief, and except and to the extent disclosed in the Casas Affidavit, no promises have been received by Navigant as to compensation in connection with this Chapter 11 case other than as outlined in the Navigant Agreement and Navigant has no agreement with any other entity to share any compensation received with any person other than the principals and employees of Navigant, pursuant to Section 504 of the Bankruptcy Code.

## Notice

35. Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) counsel to the administrative agent for the prepetition lenders; (c) the twenty largest unsecured creditors of the Debtor; (d) the United States Securities and Exchange Commission; (e) the United States Attorney's Office for the District of Delaware; and (f) the Internal Revenue Service. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

## No Prior Request

36. No prior request for the relief sought herein has been made to this or any other court.

45895/0001-6196422v3

WHEREFORE, the Debtor respectfully requests entry of the Order, substantially in the form attached hereto as <u>Exhibit B</u>, authorizing the retention and employment of Navigant as financial advisors for the Debtor *nunc pro tunc* to the Petition Date, and granting the Debtor such other relief as is just and proper.

Dated: April 6, 2010

Respectfully submitted,

WESTLAND DEVCO, LP,

By: _____
Bruce Cook
Executive Vice President, Secretary and General
Counsel of Westland Holdco, Inc., Managing
General Partner of Westland DevCo, LP

45895/0001-6196422v3